# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

OLIVERIO VALENCIA-GARCIA, also known as Oliverio Garcia Valencia, also known as Oliverio Garza Valencia, also known as Oliverio Valencia Garcia,

Defendant–Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-203-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oliverio Valencia-Garcia, federal prisoner # 67793-379, pleaded guilty to illegal reentry following a prior deportation that was subsequent to an aggravated felony conviction, and he was sentenced within the applicable guidelines range to 56 months of imprisonment. On direct appeal, Valencia-Garcia argued that his prior Texas conviction for burglary of a habitation had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly garnered him a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii). His argument was foreclosed by circuit precedent, however, and the district court's judgment was affirmed in June 2015. *See United States v. Valencia-Garcia*, 607 F. App'x 402, 402-03 (5th Cir. 2015). The direct appeal process was concluded in October 2015, when the Supreme Court denied Valencia-Garcia's petition for a writ of certiorari. *Argueta-Bonilla v. United States*, 136 S. Ct. 346 (2015).

In January 2017, Valencia-Garcia filed a single-page pleading in the district court seeking to have his sentence reduced based on changes to § 2L1.2. He did not specify any guidelines amendments upon which he relied, but he stated that he knew of another man who had been resentenced under the new Guideline, receiving only a four-level increase instead of the 16-level increase. The district denied the request for a sentence reduction, explaining that Valencia-Garcia had been properly sentenced under the 2013 version of the Sentencing Guidelines and that he was not eligible for any sentence reduction.

In his appellate brief, Valencia-Garcia does not address the district court's ruling on his request for a sentence reduction, and he does not challenge the reasons stated by the district court for that denial. Instead, he discusses the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and an out-of-circuit case discussing the applicability of § 2L1.2's 16-level increase to a Florida burglary conviction in the wake of *Mathis*. His challenge here attacks the propriety of his original sentencing. While this court liberally construes pro se briefs, we also require arguments to be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Valencia-Garcia has failed to identify any error in the district court's reasons for rejecting his request for a sentence reduction based on an amended Guideline, he has abandoned the only pertinent issue on appeal. *See*

No. 17-20116

*Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, the district court's order denying Valencia-Garcia's request for a sentence reduction is AFFIRMED, and Valencia-Garcia's request to have counsel appointed to represent him on appeal is DENIED.